**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy John Florez, | No. CV-05-2773-PHX-DGC (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Arpaio, | |
| Defendant. | |

Pending before the Court are Plaintiff Timothy John Florez's *pro se* Civil Rights Complaint by a Prisoner ("Complaint")[1] and United States Magistrate Judge Bernardo P. Velasco's Report and Recommendation ("R&R"), which recommends that the Complaint be dismissed without prejudice for failure to prosecute. Docs. ##1, 6. For the reasons set forth below, the Court will refer the case back to the Magistrate Judge for further proceedings.

**I.     The R&R and the Objection.**

According to the R&R, "Plaintiff fail[ed] to complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within

---

[1] "Plaintiff alleges that conditions at the Durango Jail [in Phoenix, Arizona] are unsanitary, that he lacks sufficient opportunities for outdoor recreation, and that the food is nutritionally inadequate." Doc. #3 at 2. "Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County Sheriff, is liable because he has 'established a substandard of daily operations, procedures, policies, standard of care and employee attitudes.'" *Id*. (quoting Compl. at 7).

60 days of the filing" of an order directing the Clerk of the Court to send Plaintiff a "service packet," which included the documents necessary to effect service of the Complaint. Doc. #6 at 2. Magistrate Judge Velasco also found that Plaintiff failed to "acquire a waiver of service from Defendant[.]" *Id*. The R&R states that the aforementioned order informed Plaintiff that the failure to timely complete service of process or to obtain waiver of service would result in dismissal of his Complaint. *Id*.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Magistrate Judge Velasco determined that the first, second, and third factors favored dismissal, reasoning that "Plaintiff's failure to serve Defendants, or to actively participate in this case prevents the case from proceeding in the foreseeable future." Doc. #6 at 3. The fourth factor weighed against dismissal. *Id*. Finally, Magistrate Judge Velasco considered dismissal with prejudice to be "unnecessarily harsh" and therefore recommended the "less drastic alternative" of dismissal without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id*. at 3-4.

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

On April 12, 2006, Plaintiff filed an objection to the R&R, stating that he did not receive the service packet. Doc. #7 at 3. Plaintiff appears to suggest that he did not sign for

1 the service packet and that therefore the Court has no confirmation that he received it. *Id.*
2 at 2.

3 **II.    Analysis.**

4 The Court's review is limited to the impact of Plaintiff's objection – allegedly not
5 receiving the service packet – on Magistrate Judge Velasco's application of the *Carey* factors.
6 *See Thomas*, 474 U.S. at 149 (noting that district courts are not required to conduct "any
7 review at all . . . of any issue that is not the subject of an objection.").

8 On February 27, 2006, Plaintiff filed notice of a change in his mailing address in
9 another action pending before the Court. *Florez v. Arpaio*, 05-03208-DGC-BPV (Doc. #5).
10 While Plaintiff did not file a similar notice with the Court in the present case, Plaintiff's
11 mailing address for this suit was nonetheless changed by the Clerk of Court as of March 2,
12 2006 due to the February 27, 2006 notice.

13 "The docket indicates the Clerk of Court mailed the order and service packet" on
14 January 30, 2006, prior to Plaintiff's change of address notification. Doc. #3; Doc. #6 at 1.
15 The materials were not returned to the Court as undeliverable, which suggests that the order
16 and service packet reached their rightful destination.

17 The Court cannot, however, state with certainty that Plaintiff actually received the
18 order and service packet. While such uncertainty may generally exist where a prisoner-
19 plaintiff claims that he or she did not receive court documents, two facts in this particular
20 case give the Court pause. First, the temporal proximity of the mailing of the order and
21 service packet and the filing of the notice of change of mailing address is sufficiently close
22 that Plaintiff's move may have complicated his ability to receive mail.  Second,
23 communication with Plaintiff resumed after the February 27, 2006 notice was filed: Plaintiff
24 received the R&R at his new address, as evidenced by his objection. *See* Doc. #7. If
25 Plaintiff had the same mailing address throughout these proceedings, claimed to have not
26 received a court document, but corresponded with the court both before and after this
27 allegedly unaccepted document was mailed, the Court may be less inclined to give credence
28 to his objection. Here, Plaintiff's failure to comply with the order and service packet is

consistent with his claim of not receiving court documents at his original mailing address and his ability to receive documents at his new address.

In light of these considerations, Plaintiff's transfer from one correctional facility to another may, at least partially, account for his "failure to serve Defendants, or to actively participate in this case[.]" Doc. #6 at 3. Accordingly, the Court finds that dismissal without prejudice is not an appropriate sanction and that a "less drastic sanction" is available. *See Carey*, 856 F.2d at 1440. In particular, the Court will direct the Magistrate Judge to order Plaintiff to complete service of process within a reasonable period of time to be set by the Magistrate Judge and to notify Plaintiff of the risks of dismissal if he does not comply. Now that communication with Plaintiff has been reestablished, the Court concludes that such an order will provide Plaintiff with a reasonable window within which to prosecute his case. The ends of justice served by granting this opportunity outweigh the countervailing public or judicial interest in sending this "litigant to the back of the line." *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (upholding dismissal without prejudice where plaintiff was "notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case" but "failed to respond to the notice in any way.").

**IT IS ORDERED:**

1. The R&R (Doc. #6) is **rejected** so that United States Magistrate Judge Bernardo P. Velasco can issue an order as directed herein.

2. The case is **referred** to Magistrate Judge Velasco for further proceedings.

DATED this 19th day of June, 2006.

David G. Campbell
United States District Judge

- 4 -